### CITY OF MIAMI v. MAY.
### No. 4393.

Circuit Court, Dade County, Criminal Appeal.

February 17, 1958.

Knight, Smith, Underwood & Peters, Miami, for appellant.

William L. Pallot, City Attorney, James J. McVeigh, Ass't City Attorney, for appellee.

GRADY L. CRAWFORD, Circuit Judge.

The appellant, Frank R. May, as the owner and operator of the Miami Transfer Co., was tried and adjudged guilty in the Miami municipal court of violating provisions of certain zoning ordinances prohibiting the use for the storage of heavy hauling equipment of certain property in an area zoned for residential use. He was fined $200 on this charge.

Appellant was also tried and adjudged guilty in the same court of operating a transfer business from the building located on said property known as 1080 and 1090 N. W. N. River Dr., Miami, and the vacant lots on either side of said building, without having first applied for a certificate of occupancy, and/or without a certificate of occupancy having first been issued. He was fined $250 on this charge—"for each day that he remains on the premises until such time as he moves."

Appellant was also tried and adjudged guilty on a charge of maintaining a nuisance on the property by reason of the emission of noise and/or also by constituting an eyesore to the adjacent property owners and/or residents of the community. At the outset of the trial appellants' motion to quash this warrant was granted, but over his objection the appellee was thereafter permitted, in the course of the trial, to amend the warrant by adding to it— "noise being from trucks or equipment and/or the moving or storing of equipment, said eyesore being the storing of heavy equipment and related equipment, also trash and other items stored there." The appellee was permitted, over the appellant's objection, to proceed with the trial on this warrant as so amended. On this charge appellant was fined $150.

Motion for new trial was denied. The defendant has appealed from the judgments of the municipal court on each of the aforesaid warrants.

Appellant assigns as error the entry of the judgments appealed from, and in addition four other errors dealing with procedural questions.

He also assigns as error the order of the municipal court requiring him to pay a $250 fine for each day that he remains on the premises until such time as he moves therefrom, running from the date of the entry of said judgment.

From the record it is the conclusion of this court that reversible error was committed in the entry of each of the judgments appealed from. It is therefore unnecessary to comment on the remaining assignments of error.

From the record it is apparent to the court that at the time of the enactment of the zoning ordinance referred to in the warrants on which the appellant was tried and convicted, the subject property was then being used (and prior thereto had been used) by a marine contracting firm for the storage of heavy equipment, materials, trucks, cranes and like personal property.

Zoning ordinance no. 1682, enacted by the City of Miami in 1937, zoned the area in which the subject property is located for residential use *subject to non-conforming uses then existing*. Appellant's predecessor in the use of the property at the time of the enactment of the aforesaid zoning ordinance was then occupying the subject property as a non-conforming use.

It is the conclusion of this court that the non-conforming use to which the subject property was put at the time of the enactment of zoning ordinance no. 1682 had not as of the date of the entry of the judgments appealed from, May 1, 1957, been abandoned or discontinued.

Furthermore, it is the conclusion of this court that no certificate of occupancy was required by zoning ordinance no. 1682 with respect to the use of the subject property of the appellant or of his predecessors, because it was at the time of the enactment of said zoning ordinance, and up to the time of the entry of said judgments, being occupied as a non-conforming use.

The judgment of the municipal court that the appellant be fined $250 "for each day that he remains on the premises until such time as he moves," for operating his transfer business without a certificate of occupancy having first been issued, is invalid. It is a penalty which operates only "in futuro." It does not serve as punishment for a *past* adjudicated violation but is obviously designed to require the appellant to terminate his business at this site. The ordinance does not authorize such a penalty or give the municipal court authority to "fine" the appellant out of business.

The appellant has operated the Miami Transfer Co. on said premises under an occupational license issued by the appellee, City of Miami, for the hauling and transferring of heavy materials and

equipment. From the record it is concluded that a *public* nuisance has not been charged in the warrant upon which the appellant was tried and convicted of maintaining a nuisance on the subject property. A municipality has no right to enforce by fine or imprisonment an ordinance which is not in the nature of a police regulation. The warrant does not allege a nuisance of a public character. The warrant charging the maintenance of a nuisance refers only to noises and conditions that are incident to the reasonable use and operation of the hauling and transfer business which was duly licensed by the municipality.

The appellant was tried and convicted by a municipal court on *criminal* charges. The municipal judge was not sitting as a zoning board and was without any discretionary authority to alter or change the zoning regulations. The appellee failed to sustain by competent evidence the charges of violation of the zoning ordinances referred to in said warrants.

Each of the judgments appealed from is hereby reversed, set aside and held for naught.

It is the judgment of this court that the defendant, Frank R. May, is not guilty on each of the warrants in which he was tried and convicted in the municipal court of the City of Miami and from which this appeal was taken. Final judgment of acquittal is hereby entered in favor of said defendant on each of said warrants.

The costs as hereinafter taxed shall be paid by the appellee.